# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| Melissa Elliott<br><br>Plaintiff,<br><br>v.<br><br>Account Control Technology, Inc.<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Melissa Elliott, ("Melissa"), is a natural person who resided in Appleton, Wisconsin, at all times relevant to this action.

2. Defendant, Account Control Technology, Inc., ("ACT"), is a California Corporation that maintained its principal place of business in Canoga Park, California, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, ACT collected consumer debts.

6. ACT regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of ACT's revenue is debt collection.

8. ACT is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, ACT contacted Melissa to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Melissa is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around January 2014, ACT telephoned Melissa at Melissa's place of employment in connection with the collection of the debt and spoke with a co-worker, ("Co-worker").

13. During this communication, ACT identified itself to Co-worker and requested to speak with Melissa, thus disclosing to Co-worker that Melissa owed the debt.

14. On at least one occasion, ACT spoke with Melissa's manager, ("Manager"), who requested ACT cease further calls to Melissa.

15. Despite this request, ACT telephoned Melissa at Melissa's place of employment in connection with the collection of the debt on numerous occasions.

16. On at least one occasion, ACT telephoned Melissa at Melissa's place of employment more than once a day.

17. On at least one occasion, ACT attempted to obtain personal information from Co-worker.

18. Manager reprimanded Melissa because of the calls from ACT to Melissa's place of employment.

19. ACT caused Melissa emotional distress.

20. ACT attempted to collect a debt from Melissa.

21. ACT violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

31. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s Jeffrey S. Hyslip
Jeffrey S. Hyslip (0079315)
One of Plaintiff's Attorneys
Hyslip & Taylor, LLC, LPA
917 W. 18th Street, Suite 200
Chicago, IL 60608
Telephone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com